```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASMINE JOHNSON,                :
                                :    CIVIL ACTION
          Plaintiff,            :    NO. 22-5219
                                :
     v.                         :
                                :
ROVMAIN, INC, et al.            :
                                :
          Defendants.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          MARCH 31, 2023

Before the Court are two motions to dismiss pro se Plaintiff Jasmine Johnson's complaint filed by the Defendants, RovMain, Inc. ("RovMain") and JP Morgan Chase ("Chase"). For the reasons that follow, the Court will grant the motions and dismiss Johnson's complaint. Moreover, because it would be futile to permit Johnson to amend her claims, the dismissal will be with prejudice.

I.   **FACTUAL and PROCEDURAL HISTORY**[1]

On March 12, 2022, Johnson entered into a Retail Installment Sale Contract (the "Contract") with RovMain to purchase a 2018 Jaguar automobile for $51,395. Johnson put $10,000 down and financed the remaining amount of the Contract price along with taxes and fees, for a total financed amount of

---

[1] The facts in the complaint are taken as true and viewed in the light most favorable to Johnson. DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007).

$47,131.99 plus a finance charge of $12,682.01. See Complaint, Ex. B, ECF No. 1-1 at 20-21. That same day, pursuant to an Assignment and Assumption Agreement, Johnson's Contract was assigned by RovMain to Chase.

Five months later, Johnson sent to Chase and RovMain a "Notice of Rescission" dated August 10, 2022, purportedly pursuant to 15 U.S.C. § 1635, in which she demanded that the Defendants "return any money, including down payment or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest. I am also no long [sic] liable for any finance or other charge." Complaint, Ex. A, ECF No. 1-1 at 2. The Defendants did not heed the purported notice or recognize it as legitimate.

Johnson then filed this action alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"),[2] and two criminal statutes, 18 U.S.C. §§ 1341 & 1349.

---

[2]    In her response brief, Johnson asserts that "I am not stating that Chase violated the Fair Credit Reporting Act (FCRA). But as stated in the Plaintiff's 'Claims Under the Fair Debt Collection Practices Act ('FDCPA')' section[,] Chase is furnishing the alleged obligation information to consumer reporting agencies to insinuate a debt is owed." Response at 6, ECF No. 15. The Court interprets this statement to indicate that

2

## II.  LEGAL STANDARD

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis, 492 F.3d at 215 (quoting Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989)).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). And while a pro se complaint must be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), "pro se litigants still must allege

---

Johnson has abandoned any FCRA claims, and that the related allegations are subsumed into her FDCPA claims. Thus, the Court will dismiss any FCRA claims with prejudice.

sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

When "a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). Thus, when amendment of a complaint would be inequitable or futile, a court may dismiss the claim with prejudice. See, e.g., Geist v. State Farm Mut. Auto. Ins. Co., 49 F.4th 861, 866 n.6 (3d Cir. 2022) (affirming dismissal with prejudice due to futility); Talley v. Wetzel, 15 F.4th 275, 285 n.6 (3d Cir. 2021) (providing that "leave to amend may be denied when there is . . . futility" (quoting Spartan Concrete Prod., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019)) (internal quotation marks omitted)).

**III. DISCUSSION**

    **A.   Truth in Lending Act**

Johnson's main argument under the TILA (as well as in general) is that the Defendants failed to rescind the Contract at her demand. Johnson bases the legitimacy of her unilateral "recission" of the Contract on 15 U.S.C. § 1635(a).

Section 1635 provides in relevant part, "in the case of any consumer credit transaction . . . in which a security interest .

. . is or will be retained or acquired in any property <u>which is used as the principal dwelling of the person to whom credit is extended</u>, the obligor shall have the right to rescind the transaction . . . ." 15 U.S.C. § 1635(a)(emphasis added). As stated clearly in the provision, Section 1635 only provides a recission period for certain secured transactions regarding principal dwellings, not vehicles. Thus, "[c]ourts routinely hold that the right to rescind under § 1635(a) does not apply to the purchase of motor vehicles." <u>West v. Wells Fargo Auto</u>, No. CV 22-4405-KSM, 2023 WL 199676, at *3 (E.D. Pa. Jan. 17, 2023) (citing cases). Moreover, the first page of the Contract, in oversized bold letters, specifies that the Contract (1) can only be canceled if the seller agrees, or if there is "legal cause"; and (2) cannot be canceled "simply because you change your mind." Ex. B to Complaint, ECF No. 1-1 at 20.

As a result, Johnson's main premise that supports the bulk of her claims, that her recission was effective and she owes nothing to the Defendants, must fail. There is no set of allegations that could provide Johnson with a valid claim under this theory; thus, any amendment would be futile, and the Court will dismiss the claim with prejudice.

Regarding RovMain specifically, Johnson also argues that it violated Sections 1605 and 1662 of the TILA, alleging that "[i]n order for the consumer to get credit for a finance charge, a

5

down payment is required, which is a violation of 15 USC 1662. A financing charge and a cash transaction were compared as being the same, in violation of 15 USC 1605, even though they are not similar." Complaint, ECF No. 1 at 9. These arguments have no basis in law.

Section 1662 regards advertising of down payments and installments, providing, inter alia, that no advertisement to extend consumer credit may state "that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount." 15 U.S.C. § 1662(2). Johnson makes no allegations regarding any advertisements by RovMain, including any referencing a down payment amount that RovMain does not "usually and customarily" arrange. Her claim is that Section 1662 prohibits requiring a down payment when receiving financing. This is legally incorrect. Section 1662 concerns advertisements for financing that require specified non-customary down payments. Given that Johnson's allegation does not implicate Section 1662, any amendment to the claim is futile and the claim will be dismissed with prejudice. In her response, Johnson does assert that she was orally told she should pay a $10,000 down payment to finance the rest of the vehicle, and that this should be considered an advertisement. These allegations are not in the complaint, but even accepting as true

6

that she was given this oral representation, the alleged representation could not be considered an advertisement under Section 1662 and she does not allege that the $10,000 down payment was uncustomary for RovMain.

Regarding Johnson's Section 1605 claim, as part of the definition of "finance charge," Section 1605 provides that:

> the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and <u>imposed directly or indirectly by the creditor as an incident to the extension of credit</u>. The finance charge does not include charges of a type <u>payable in a comparable cash transaction</u>.

15 U.S.C. § 1605(a) (emphasis added). Viewing the facts in the light most favorable to Johnson, the sale of the vehicle was always financed and there is nothing to support an allegation that the finance charge listed in the Contract includes any charges "of a type payable in a comparable cash transaction." Johnson's argument that "[a] financing charge and a cash transaction were compared as being the same" is simply incorrect. The finance charge listed in the Contract conforms to the definition found in Section 1605: the finance charge amounts to the cost of "renting" $47,131.99 at an annual percentage rate of 8.19% over a term of 72 months, or $12,682.01. See Complaint, Ex. B, ECF No. 1-1 at 21. Thus, the Court will also dismiss Johnson's Section 1605 claim against RovMain with prejudice.

7

## B. The Fair Debt Collections Practices Act

In order to prevail on a claim under the FDCPA, a plaintiff must prove that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014). Johnson incorrectly contends that the Defendants are debt collectors.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This term does not include an "employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Id. § 1692a(6)(A). The focus of this language is

> on third party collection agents working for a debt owner--not on a debt owner seeking to collect debts for itself. Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner--whether the owner originated the debt or came by it only through a later purchase. All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another."

Henson v. Santander Consumer USA Inc., 582 U.S. 79, 83 (2017).

8

In contrast, the FDCPA defines a "creditor" as

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1691a(4).

Applying the definitions of creditor and debt collector to the facts as alleged in the complaint, Johnson has failed show the Defendants are debt collectors. Instead, the facts alleged indicate that both Defendants are creditors, not debt collectors, because neither has a business with the principal purpose of collecting debts that do not belong to them. The facts alleged indicate that Chase collects on its own debts (in this case procured through an assignment by RovMain) and RovMain sells and finances vehicles. Because there is no set of facts that can transform the Defendants into debt collectors under these particular circumstances, Johnson's FDCPA claims will also be dismissed with prejudice.

### C. Criminal Statutory Violations

Johnson also alleges purported civil violations of 18 U.S.C. §§ 1341 & 1349 for fraud and conspiracy. These criminal statutes do not create a private right of action. See Moton v. Wetzel, 803 F. App'x 589, 592 (3d Cir. 2020) (providing that "to the extent that Moton's claims were based on alleged violations of criminal statutes, those statutes do not confer a private

right of action"); Mickman v. Philadelphia Pro. Collections, Inc., No. CV 21-4221, 2022 WL 17875774, at *2 (E.D. Pa. Dec. 22, 2022) (recognizing that 18 U.S.C. §§ 1341 & 1349 "do not provide private causes of action"). Therefore, these claims must also be dismissed with prejudice.

**IV. CONCLUSION**

The Court will dismiss Johnson's complaint because it fails to state any claim upon which relief can be granted. Because amendment would be futile given that Johnson cannot allege any set of facts, even viewed in the light most favorable to her, that could provide her with the relief requested, the dismissal will be with prejudice.

An appropriate order follows.